IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| SERGIO ORTIZ,<br><br>　　　　　　　Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., United States Attorney General; JANET NAPOLITANO, Secretary of the Department of Homeland security; JAMES O. TRACY, Utah County Utah Sheriff; STEVEN BRANCH, Field Office Director for the Salt Lake City Office of Enforcement and Removal (ICE), and all other persons exercising direct legal custody over the Petitioner,<br><br>　　　　　　　Respondents. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:11CV1146 DAK |

　　　　This matter is before the court on the (1) Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, (2) Order to Show Cause why the Writ of Habeas Corpus should not be issued; and (3) Respondent's Motion to Dismiss.  A hearing was held on January 12, 2012.  At the hearing, Petitioner was represented by Aaron Tarin and Hakeem Ishola.  Respondents were represented by Erez Reuveni and Jared C. Bennett.  The court has carefully considered the memoranda and other materials submitted by the parties, including the Motion to Expedite Decision and the Response thereto, which were recently filed.  Now being fully advised, the court renders the following Memorandum Decision and Order.

## BACKGROUND

Petitioner, Sergio Ortiz, is currently in the physical custody of the Department of Homeland Security, U.S. Immigration and Customs Enforcement (ICE), at the Utah County Jail located in Spanish Fork Utah.  He has challenged the Respondent's position that he is subject to mandatory detention pursuant to 8 U.S.C. § 1226(c).[1]

Petitioner is a citizen of Mexico but has been a legal permanent resident of the United States since approximately March 30, 1999, when he was eighteen years old.  From 1999 through 2009, Mr. Ortiz has pleaded guilty to various crimes and then was required to pay a fine and/or was sentenced to probation.  For at least one of the crimes, he received a sentence in abeyance and then completed the terms of his plea, and the case was dismissed.  The most recent criminal conviction subjecting him to mandatory detention without a bond hearing under § 1226(c), were two Class B Misdemeanors, to which Petitioner pleaded guilty on August 30, 2007.

Over three years later, in January 2011, Petitioner filed a Form I-90 Application to Replace Permanent Resident Card.  The United States Customs and Immigration Services ("USCIS") approved that application May 6, 2011.  Following approval of Petitioner's Form I-90, USCIS referred his case to ICE for review.  Respondents contend that it was not until July 22, 2011 that ICE became aware of Petitioner and his removability.  Four days after learning of Petitioner's identity and removability, ICE added Petitioner's name to a list of individuals subject to "Operation Cross Check 2," a seven-day long, nationwide enforcement operation conducted by

---

[1] Petitioner's removability is not at issue in this case.

ICE Enforcement and Removal Operations, targeting previously unapprehended criminal aliens in September, 2011.  As a result of Operation Cross Check 2, Petitioner was arrested on September 20, 2011,  outside his residence.  On November 22, 2011, an Immigration judge ordered Petitioner removed from the United States.  Petitioner the appealed his removal order on December 21, 2011.   That appeal remains pending.  Petitioner remains mandatorily detained pursuant to 8 U.S.C. § 1226(c)(1).

The issue in this case is not whether Petitioner should be deported or whether he should be detained during the removal process.[2]  Rather, the issue in this case is whether Petitioner is subject to mandatory detention without a bond hearing during his removal proceedings, the answer to which turns on the appropriate reading of the mandatory detention statute contained in the Immigration and Nationality Act § 236, 8 U.S.C. § 1226, and, in particular, the meaning of the phrase "when . . . released" in § 1226(c).

Section 1226(a) authorizes immigration officials to arrest, detain, and ultimately release immigrants pending their removal proceedings upon an individualized assessment for bond, parole, or other forms of supervised release.  8  U.S.C. § 1226(a).  Section 122(c), however, is an exception to this broad authority for detention and release, delimiting a narrow class of people who are subject to no-bond, mandatory detention- namely, individuals whom immigration officials detain "when . . .  released" from criminal custody for qualifying offenses.  *See* § 1226(c)(1).

---

[2] Although the Petition seeks release from custody, Petitioner's counsel clarified at the hearing that the primary issue is whether Petitioner is entitled to a bond hearing.

Specifically, Section 1226(c)(1) provides:

(c) Detention of criminal aliens.

(1) The Attorney General shall take into custody any alien who

> (A) is inadmissible by reason of having committed any offense covered in section 1182(a)(2) of this title,
>
> (B) is deportable by reason of having committed any offense covered in section 1227(a)(2)(A)(ii), (A)(iii),(B), (C), or (D) of this title,
>
> (C) is deportable under section 1227(a)(2)(A)(I) of this title on the basis of an offense for which the alien has been sentenced to a term of imprisonment of at least 1 year, or
>
> (D) is inadmissible under section 1182(a)(3)(B) of this title or deportable under section 1227(a)(4)(B) of this title,

**when the alien is released**, without regard to whether the alien is released on parole, supervised release, or probation, and without regard to whether the alien may be arrested or imprisoned again for the same offense.

8 U.S.C. § 1226(c)(l) (emphasis added). Those individuals, described in §1226(c)(l), are subject to mandatory, no-bond detention pending their removal.

Respondents contend that, regardless of whether ICE detained Petitioner immediately following his release from state custody for any of his crimes enumerated in the statute, or at some point later (in this case, approximately four years later) he is subject to mandatory detention during his removal proceedings under 8 U.S.C. § 1226 and is not entitled to a bond hearing.[3]

---

[3] Respondents also seek dismissal of all respondents except for James Tracy, Utah County Sheriff, who is currently charged with custody over Petitioner. The court declines to dismiss the other respondents because James Tracy presumably has no authority to obtain a bond hearing before an Immigration Judge.

Petitioner, however, argues that the individuals described in §1226(c)(l) are subject to mandatory, no-bond detention pending their removal *only if* they are detained by ICE immediately or within a reasonably short period of time following release from state custody for an offense enumerated in the statute. In other words, he contends that Congress did not intend for mandatory detention to apply to immigrants who are detained by immigration officials months or years after their re-entry into society following a criminal conviction. Instead, he argues, those immigrants are subject to discretionary detention–with the potential for release on bond-while they pursue their case against removal. Petitioner contends that he was never taken into custody by ICE "when" he was released from state custody for an enumerated offense, and thus it is illegal to deny him a bond hearing.

Respondents base their contrary view on *Matter of Rojas*, 23 I&N Dec.117 (BIA 2001). In *Matter of Rojas*, the Board of Immigration Appeals ("BIA" or "the Board") held that the mandatory detention statute applies to any noncitizen with an enumerated offense regardless of whether they were detained when released from criminal custody. *See id*. at 127. The BIA concluded that the "when ... released" clause in § 1226(c) "does direct the Attorney General to take custody of aliens immediately upon their release from criminal confinement." *Id*. at 122. However, the BIA held that the "when ... released" clause was a "statutory command" rather than a "description of an alien who is subject to detention," and therefore mandatory detention could apply to noncitizens days, months, or even years after their release from criminal custody.[4]

---

[4] The dissent in *Matter of Rojas*, however, found this distinction implausible. *See id*. at 135 (Rosenberg, dissenting) ("[T]he majority fails to provide any reason why characterizing

*See id*. at 121-22.

Respondents urge the court to defer to the agency's position, pursuant to *Chevron US.A., Inc. v. Nat'l Res. Def Council, Inc*., 467 U.S. 837 (1984). Under step one of *Chevron*, a court must analyze the plain language of a statute and apply the "traditional tools of statutory construction" to determine if the intent of Congress is clear. *Id*. at 842-43. "If the intent of Congress is clear, that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress." *Id*. If Congress's intent is ambiguous, a court will proceed to step two of *Chevron*, and assess whether the agency's interpretation of the ambiguous terms is reasonable. *Id* at 844. On issues of statutory construction, the judiciary is the final authority and must reject administrative constructions which are contrary to clear congressional intent. *Id*. at 843 n.9. Respondents emphasize that many district courts have found the statute ambiguous and have therefore given *Chevron* deference to the Board's interpretation of the statute.[5] Respondents also point out that the very

---

the language as a directive makes it any less a description, particularly when that description is communicated as part of a mandate to the Attorney General."). Based on the plain language of the statute, the dissent concluded that Congress unambiguously intended for mandatory detention to apply only to individuals detained at the time of their release from criminal custody for an enumerated offense. *See id*. at 130-134 (Rosenberg, dissenting). The dissent explained that the word " 'when' [is defined] as 'just after the moment that.'" *Id.* (quoting *Alikhani v. Fasano*, 70 F.Supp.2d 1124, 1130 (S.D.Cal.1999)). Six board members joined Rosenberg's dissent.

[5] *See Mendoza v. Muller*, 2012 WL 252188, at *3 (S.D.N.Y. Jan. 25, 2012) (finding that the mandatory detention provision is ambiguous and giving deference to *Matter of Rojas*); *Diaz v. Muller*, 2011 WL 3422856, at *2 (D.N.J. Aug. 4, 2011) (finding "when ... released" to be ambiguous); *Gomez v. Napolitano*, 2011 WL 2224768 (S.D.N.Y. May 31, 2011) (same); *Sulayao v. Shanahan*, 2009 WL 3003188 (S.D.N.Y. Sept. 15, 2009) (same); *Serrano v. Estrada*, 2002 WL 485699 (N.D. Tex. Mar. 6, 2002) (holding that mandatory detention was

fact that district courts have disagreed about the meaning of the statute highlights the fact that the statute is ambiguous.

Having considered the law and the facts pertaining to this issue, this court disagrees with Respondent's position.  In light of the plain language of the statute at issue, traditional tools of statutory construction, and the legislative history, the court concludes that the intend of Congress is unambiguous:  Congress intended for mandatory detention to apply only to noncitizens who are detained *at the time of their release* from criminal custody for an enumerated offense under 8 U.S.C. § 1226(c).[6]  Moreover, even if Congress's intent were ambiguous, the Board's interpretation of the statute is not reasonable because it leads to arbitrary and manifestly unjust results.  Thus, the court will not give deference to the Board's decision in *Matter of Rojas*.[7]

---

unconstitutional but noting in dicta that § 1226(c) is ambiguous); *Garcia Valles v. Rawson*, 2011 WL 4729833 (E.D. Wis. October 7, 2011) (finding § 1226(c) to be ambiguous); *Sidorov v. Sabol*, 2010 WL 1805690, at *3-4 (M.D. Pa. May 5, 2010) (same); *Hernandez v. Sabol*, 2011 WL 4949003 (M.D. Pa. Oct. 18, 2011) (same);  *Saucedo-Tellez v. Perryman*, 55 F. Supp. 2d 882, 885 (N.D. Ill. 1999) (same).

[6] The court expresses no opinion on whether "when ... released" means at the exact moment of release or at some reasonable number of hours or days after release.  *See Khodr v. Adduci*, 697 F. Supp. 2d 774, 774–75 (E.D. Mich.2010) (concluding that immediacy contemplates a reasonable period of time for the Attorney General to take the alien into custody).  In the instant case, the amount of time after release was several years and was therefore not reasonable under any definition of the phrase "when . . . released."  Accordingly, the court need not resolve what a reasonable amount of time would be under the statute.

[7] Because of the number of courts that have previously explained their reasoning pertaining to the unambiguous nature of the statutory language and the clear intent of Congress, the court will not re-invent the analysis; rather, the court adopts the reasoning of the courts in *Jaghoori v. Lucero*, 2012 WL 604019, at *2-5 (E.D. Va. Feb. 22, 2012), *Harris v. Lucero*, 2012 WL 603949, at *2-3 (E.D. Va. Feb. 23, 2012), and *Parfait v. Holder*, 2011 WL 4829391 (D.N.J. Oct.11, 2011).

To the contrary, this court joins the vast majority of federal courts that have addressed this issue (and the dissent in *Matter of Rojas*) and finds that, because Petitioner was not taken into immigration custody when he was released by state officials from his qualifying offense(s), § 1226(c) does not apply, and he is entitled to an individualized bond hearing with an Immigration Judge.[8]

---

[8] *See*, *e.g.*, *Harris v. Lucero*, 2012 WL 603949, at *2 (E.D. Va. Feb. 23, 2012) (determining that government's reading of the statute extends section 1226(c)(1) beyond the plain meaning of its language as well as the clear context of its intended application); *Jaghoori v. Lucero*, 2012 WL 604019, at *2-3 (E.D. Va. Feb. 22, 2012) (joining the "majority of district court considering the issue" and declining to give deference to *Matter of Rojas* because the language of the statute is unambiguous); *Christie v. Elwood*, 2012 WL 266454 (D.N.J. Jan. 30, 2012 (noting that "almost every federal court considering the issue" has concluded that *Matter of Rojas* is contrary to the plain language of 1226(c)); *Rosario v. Prindle*, 2011 WL. 6942560, at *2 (E.D. Ky. Nov. 28, 2011) (rejecting Matter of Rojas's application of § 1226(c) to aliens who were not immediately detained upon release from custody), *adopted by* 2012 WL 12920 (E.D. Ky. Jan. 4, 2012); *Parfait v. Holder*, 2011 WL 4829391 (D.N.J. October 11, 2011) (concluding that taking an alien into custody more than two and one-half years after the alien is released does not fall within the command to take the alien into custody "when" the alien is released, and finding that the overwhelming majority of federal district courts have agreed that the Board's interpretation is contrary to the plain meaning of the statute); *Rianto v. Holder*, 2011 WL 3489613 (D. Ariz. Aug. 9, 2011) (holding that because petitioner was not taken into custody until seven years after he was released from custody for the crimes found as the basis for removability, mandatory detention under § 1226(c) is not authorized); *Beckford v. Aviles*, 2011 WL 3444125, at *7 (D.N.J. Aug. 5, 2011) (holding that § 1226(c)(1) applies only to noncitizens detained at the time of their release from criminal custody for their specified removable offense); *Keo v. Lucero*, 2011 WL 2746182 at *3 (E.D. Va. July 13, 2011) (concluding that "[t]he term 'when' includes the characteristic of 'immediacy,' referring in its primary conjunctive sense, to action or activity occurring 'at the time that' or 'as soon as' other action has ceased or begun") (citations omitted); *Sylvain v. Holder*, 2011 WL 2580506, at *5-7 (D.N.J. June 28, 2011) (rejecting respondents' argument regarding § 1226(c) that "when" means "after"); *Hosh v. Lucero*, 2011 WL 1871222, at *2-3 (E.D. Va. May 16, 2011) (determining that Section 1226(c)(2) does not apply to petitioner because he was not taken into custody at the time he was released from custody pertaining to a designated offense and therefore he was entitled to an individualized bond hearing); *Khodr v. Adduci*, 697 F. Supp. 2d 774, 774–75 (E.D. Mich. 2010) (holding that "[b]ecause the Court finds that the statute at issue clearly and unambiguously requires the

**CONCLUSION**

Accordingly, for the foregoing reasons and good cause appearing, IT IS HEREBY ORDERED that Petitioner's Petition for Writ of Habeas Corpus is GRANTED in part and DENIED in part, and Respondents' Motion to Dismiss is DENIED. Respondents are directed to

---

Attorney General to take into custody certain aliens without delay in order to make applicable the mandatory detention provisions of 8 U.S.C. § 1226(c), the Court does not defer to the Board of Immigration Appeals' decision to the contrary in *Matter of Rojas*"); *Louisaire v. Muller*, 758 F. Supp. 2d 229, 236 (S.D.N.Y. Dec. 1, 2010) (finding that "*Matter of Rojas* ... is wrong as a matter of law and contrary to the plain language of the statute" and that "[a] majority of courts that have examined this issue have held that the mandatory statute is unambiguous."); *Burns v. Cicchi*, 702 F. Supp. 2d 281 (D.N.J. 2010) (holding that § 1226(c) does not apply where alien was taken into immigration custody more than 15 years after release from incarceration for covered offense); *Dang v. Lowe*, 2010 WL 2044634 (M.D. Pa. May 20, 2010) (holding that § 1226(c)(1) does not apply where alien was not taken into immigration custody until 10 years after release from incarceration for an enumerated offense); *Gonzalez v. Dep't of Homeland Sec.*, 2010 WL 2991396, at *1 (M.D. Pa. July 27, 2010)(disagreeing with Respondents' position that *Matter of Rojas* should be followed); *Bracamontes v. Desanti*, 2010 WL 2942760, at *5-6 (E.D. Va. June 16, 2010) (noting that a "large majority of district courts agree" that "when . . . released" means immediately upon release from a qualifying conviction and noting), *adopted by* 2010 WL 2942760 (E.D. Va. July 26, 2010); *Dang v. Lowe*, 2010 WL 2044634, at *2 (M.D. Pa. May 20, 2010); *Oscar v. Gillen*, 595 F. Supp. 2d 166, 169-70 (D. Mass 2009) (same)*; Monestime v. Reilly*, 704 F. Supp. 2d 453, 458 (S.D.N.Y. 2010) (same); Khodr v. Adduci, 697 F. Supp. 2d 774, 778 (E.D. Mich. 2010) (same); *Scarlett v. DHS*, 632 F. Supp. 2d 214, 219 (W.D.N.Y.2009) (concluding that "the statute does not apply when the alien was not taken into immigration custody at the time of his release from incarceration on the underlying criminal charges"); *Garcia v. Shanahan*, 615 F.Supp.2d 175, 182 (S.D.N.Y.2009) (holding that "the plain language of the statute ... manifests Congress' clear intent that there must be a nexus between the date of release eand the removable offense"); *Waffi v. Loiselle*, 527 F. Supp. 2d 480, 488 (E.D. Va. 2007) (holding that petitioner detained by ICE over one month after his release from criminal custody was not subject to § 1226(c)); *Bromfield v. Clark*, 2007 WL 527511, at *4 (W.D. Wash. Feb. 14, 2007) (same); *Zabadi v. Chertoff*, 2005 WL 3157377, at *5 (N.D. Cal. Nov. 22, 2005) (same). *Quezada- Bucio v. Ridge*, 317 F. Supp. 2d 1221, 1231 (W.D. Wash 2004) (holding that an alien who was taken into immigration custody months or years after their release from state custody was entitled to an individualized hearing on release pending removal proceedings).

provide Petitioner with an individualized bond hearing with an Immigration Judge as soon as possible and, in any event, by no later than March 28, 2012.

DATED this 14th day of March, 2012.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge